UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DANA G. NOEL                                                     CIVIL ACTION

VERSUS                                                            NO. 17-752

ST. PAUL FIRE & MARINE INS. CO. ET AL.       JUDGE FALLON
                                                                                           MAG. J. WILKINSON

## **ORDER AND REASONS ON MOTION**

This is a traffic accident case alleging that plaintiff was injured when debris fell from defendants' truck and struck plaintiff's vehicle. The lawsuit was originally filed in state court and removed to federal court based on diversity of citizenship jurisdiction. The incident was allegedly witnessed by a non-party, John Savoy, whose relationship with plaintiff is at issue.

Defendants filed a Motion to Compel Supplemental Deposition of Plaintiff, Other Discovery and Court Orders for Verizon Phone Detail Records. Record Doc. No. 30. Pursuant to the Western District Clerk of Court's "Notice of Motion Setting," Record Doc. No. 33, the deadline for filing written opposition to the motion was December 21, 2018. No memorandum in opposition to the subject motion has been timely submitted. Accordingly, this motion is deemed to be unopposed. It appears to the court, however, that the motion has merit only in part. Accordingly, the motion is GRANTED IN PART AND DENIED IN PART as follows.

The motion seeks a court order (1) requiring plaintiff to submit to a second deposition in this case; (2) enforcing a third-party subpoena duces tecum issued to

Verizon Wireless to produce the telephone records of a person – defendants apparently believe to be John Savoy, Record Doc. No. 30-2 at p. 76 – who is also not a party to this action; and (3) compelling plaintiff to answer a supplemental interrogatory concerning his relationship with Savoy. Record Doc. No. 30 at p. 2.

The requests concerning the supplemental deposition of plaintiff and the additional interrogatory are subject to a similar legal standard. As to defendants' request to depose plaintiff for a second time, Fed. R. Civ. P. 30(a)(2)(B) provides that "(a) party must obtain leave of court, . . . if . . . the person to be examined already has been deposed in the case." Leave of court to permit a person's second deposition must be granted only "to the extent consistent with Rule 26(b)(1) and (2)." Similarly, because defendants exceeded the limit on interrogatories when they previously served plaintiff with more than 25 interrogatories, Record Doc. No. 30-2 at p. 20, they must obtain leave of court to pursue the supplemental interrogatory that is the subject of this motion. Like Rule 30, Fed. R. Civ. P. 33(a)(1) requires that leave to serve more than 25 interrogatories may be granted only "to the extent consistent with Rule 26(b)(1) and (2)."

The Rule 26(b)(1) proportionality principles include that the second deposition and/or the supplemental interrogatory must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." Under Rule 26(b)(2)(C), "on its own, the court must limit the frequency or extent of discovery" if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive [or] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, . . ." (emphasis added).

Applying the foregoing principles, I find that the motion should be granted in part and denied in part as to defendants' request for leave to depose plaintiff again and denied as to defendants' Supplemental Interrogatory No. 1. Record Doc. No. 30-2 at p. 89. Plaintiff was first deposed on October 26, 2017. Record Doc. No. 30-2 at p. 1. Defendants in part seek to depose plaintiff again "to explore the suspected relationship between (sic) what defendants maintain is a close personal relationship between Plaintiff and the Savoys [the witness and his family members], learned after the October 26, 2017 deposition. . . " The additional interrogatory seeks similar information. Defendants' motion papers establish that such questioning would be unreasonably cumulative and duplicative of the first deposition, during which defendants had ample opportunity to question plaintiff about his relationship with the Savoys – and did in fact do so – in addition to deposing both the witness and his wife on the same relationship topic. If defendants have developed information concerning the relationship that undermines the credibility of plaintiff's sworn original deposition answers on this topic, their remedy is

to impeach him at trial or other hearing, not to ask him additional questions on the same topic about which they already have or could have questioned him.

The motion is granted in part, however, insofar as it seeks to conduct plaintiff's second deposition on two other topics requested by defendants; i.e., "to explore all contact between Plaintiff . . . and [the] Savoy . . . family <u>since</u> the plaintiff's original deposition on October 262, 2017 . . . [and] to inquire as to [plaintiff's] medical treatment and/or surgery <u>since</u> the original deposition." Record Doc. No. 30 at p. 18 (emphasis added). Obviously, defendants had no opportunity to question plaintiff about events that had not yet occurred at the time of the first deposition, and deposition questioning on these topics would not be cumulative or duplicative. Weighing the proportionality factors militates in favor of permitting the second deposition of plaintiff, limited to these topics. Both the nature of plaintiff's relationship with the third-party witness and his family and his medical treatment and prognosis, including surgery, since the prior deposition are important to resolving the issues at stake in the action. The amount in controversy appears substantial, given the nature of plaintiff's injuries, allegedly including surgery since the prior deposition. Although defendants' resources are superior to plaintiff's, his access to the information is superior to defendants' access. Any additional burden or expense in conducting the second deposition is adequately addressed by limiting it to these two topics and by imposing a reasonable time limit on the questioning.

Accordingly, IT IS ORDERED that, no later than January 16, 2019, counsel must confer and agree upon a mutually convenient time and date when plaintiff will be deposed again. Deposition questioning is limited to the time period <u>after</u> October 26, 2017, the date of plaintiff's original deposition, and the topics of contacts between plaintiff and the witness John Savoy and/or the Savoy family since that date and plaintiff's medical condition, treatment and/or surgery since October 26, 2017. The duration of deposition questioning must not exceed three (3) hours, excluding breaks. The deposition must be conducted no later than February 15, 2019.

The motion is denied at this time on the current record insofar as it seeks an order compelling Verizon Wireless to produce the telephone records of a non-party to this action. None of the certificates of service appended to these motion papers indicates that the motion was served on the subpoena recipient or upon the third-party subscriber, who has been identified by Verizon Wireless as "a California subscriber," Record Doc. No. 30-2 at p. 79, and the purported accident witness's mother-in-law, "Juanita," <u>not</u> the witness himself. Record Doc. No. 30 at p. 15 (quoting deposition testimony of the witness's wife). In responding to the subpoena, the recipient has asserted a substantial legal basis for resisting the subpoena, citing California law apparently designed to protect the important privacy interests of phone service subscribers. Record Doc. No. 30-2 at p. 79 (citing Calif. Pub. Utilities Code § 2891; <u>Ades v. Omni Hotels Mgmt. Corp.</u>, 2015 U.S. Dist. Lexis 65493 (C.D. Cal. May 18, 2015)). No evidence has been submitted that

the actual subscriber herself has been notified or asked to provide her written consent, in compliance with the California statute. This court will not order production of these materials without requiring defendants to (1) serve Verizon Wireless and the California subscriber with a new motion geared specifically to this request, so that – consistently with the basic principles of due process – they may have notice and an opportunity to be heard, and (2) provide a memorandum of law demonstrating some exception to the cited California statute and case law in support of their request.

New Orleans, Louisiana, this \_\_\_2nd\_\_\_ day of January, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE